## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jun 24 2015, 6:10 am
CLERK
of the supreme court,
court of appeals and
tax court

### ATTORNEY FOR APPELLANT

Noah T. Williams
Monroe Co. Public Defender
Bloomington, Indiana

### ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Steven B. Pollard,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 24, 2015

Court of Appeals Case No.
53A04-1411-CR-519

Appeal from the Monroe Circuit Court.
The Honorable Marc R. Kellams, Judge.
Cause No. 53C02-1207-FC-691

**Baker, Judge.**

[1] Steven Pollard appeals the trial court's order revoking his placement on home detention and requiring that he serve the balance of his sentence in the Department of Correction. Finding no error, we affirm.

# Facts

[2] On May 9, 2014, Pollard pleaded guilty to class D felony sexual battery after he had inappropriate sexual contact with a minor child. On June 24, 2014, the trial court sentenced Pollard to two and one-half years, with eighteen months to be served on home detention followed by one year of probation. At the sentencing hearing, the trial court explicitly noted that Pollard "has to remain eligible [for home detention], of course, and I want it clear to him that if . . . tomorrow or next week or next month he becomes ineligible, then he may easily forfeit his right to home detention." Tr. p. 31. Although Pollard was not eligible for home detention initially because of the nature of his conviction, the trial court issued a judicial override on June 25, 2014.

[3] Pollard was living in an apartment with his child, K.P., and her mother.[1] The lease, which he had signed before pleading guilty, provided that he could not live in his apartment with a criminal conviction. On July 31, 2014, Pollard was evicted because of his conviction.

---

[1] The terms of home detention required that Pollard have no contact with minor children. The trial court, however, carved out an exception such that Pollard was permitted to live with his own child, K.P.

On July 31, 2014, the State filed a motion to revoke home detention and execute his sentence. The State alleged that Pollard had failed to maintain a valid residence, failed to attend mandatory day reporting on four occasions, failed to follow his home detention schedule on two occasions, and refused to submit to a urine drug screen on one occasion.

The trial court held hearings on October 20 and October 27, 2014, on the State's motion. Concluding that Pollard had failed to maintain a valid residence, which is a mandatory prerequisite for a home detention placement, the trial court revoked home detention and ordered that Pollard serve the balance of his executed term in the Department of Correction (DOC). Pollard now appeals.

## Discussion and Decision

Trial courts have broad discretion to place defendants in community corrections programs, such as home detention, as alternatives to the DOC. *Monroe v. State*, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009). A defendant is not entitled to serve his sentence in a community corrections program; instead, such a placement is "a 'matter of grace' and a 'conditional liberty that is a favor, not a right.'" *Id.* (quoting *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999)). If a defendant violates the terms of his community corrections placement, the trial court may change

the terms of the placement, continue the placement, or revoke the placement and commit him to the DOC. Ind. Code § 35-38-2.6-5.[2]

[7] In this case, it is undisputed that Pollard was required to maintain a valid residence to be eligible for home detention. It is also undisputed that Pollard was aware of that fact. Likewise, it is undisputed that Pollard was evicted from his residence on July 31, 2014. Given these undisputed facts, we find that the trial court did not abuse its discretion in revoking Pollard's home detention placement and ordering that he serve the balance of his sentence in DOC.

[8] Pollard argues that at the time of the October 2014 hearings, he had a potential residence at which he could serve home detention. Inasmuch as Pollard has already completed his executed sentence, however, he cannot challenge the trial court's decision to place him in the DOC rather than give him a second try at home detention. *See Smith v. State*, 971 N.E.2d 86, 89 (Ind. 2012) (finding that a defendant who had completed his sentence was entitled to make a due process argument but was not entitled to make a credit time argument because it was moot). In any event, we note that the trial court deferred to the community corrections program, which did not recommend that Pollard be permitted to serve home detention in the new residence. The trial court was entitled to do so, and we find no error on this basis.

---

[2] This statute has been amended with an effective date of July 1, 2015. Inasmuch as Pollard's offense was committed prior to that date, we apply the version of the statute in effect at the time of the offense.

The judgment of the trial court is affirmed.

Friedlander, J., and Riley, J., concur.